STILLMAN W. ERSKINE *vs.* ABIAL W. ERSKINE.

*Practice.*

Cumulative evidence offered by the plaintiff, after the defendant has closed his evidence, should not be excluded unless the plaintiff has been seasonably notified by the court that this course will be adopted.

Notice by the adverse party that he will claim to have this rule enforced will be ineffectual.

ON EXCEPTIONS.

ASSUMPSIT upon an account annexed for a balance of $2,802.95, brought by a son against the father to recover for services rendered for the fifteen years next after minority had ceased, and for some other items. There were exceptions taken to the rulings of the court upon the subject, but the only one that need be noticed was to the exclusion by the court, upon defendant's objection, of cumulative testimony which the plaintiff proposed to put in after the defendant had closed his evidence. The jury rendered a verdict for only $62.35, and the plaintiff excepted.

*H. & W. J. Knowlton* for the plaintiff.

*N. B. Turner* for the defendant.

WALTON, J. The exceptions state that the plaintiff's counsel offered cumulative testimony after the defendant had closed his testimony, which, on objection of the defendant, was excluded.

The exclusion was erroneous. If the presiding judge had sea-

sonably notified the plaintiff that he would be required to put in the whole of his evidence before stopping, and that cumulative evidence would not be received afterwards, the exclusion would have beeen correct. But the enforcement of the rule without such notice is erroneous. And the notice must come from the court. It is not competent for one of the parties to give the notice, and then insist upon the enforcement of the rule. So held in *Moore* v. *Holland,* 36 Maine, 14; and in *Dane* v. *Treat,* 35 Maine, 198.

It is unnecessary to consider the other points raised by the bill of exceptions. *Exceptions sustained.*

APPLETON, C. J., CUTTING, BARROWS, DANFORTH and PETERS, JJ., concurred.